LEE HARRISON, *Appellant*, v. THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF SUMNER, *Appellee*.

No. 18,240.

SYLLABUS BY THE COURT.

SALARIES—*County Superintendent—Construction of Statute*. Under the act fixing the salaries of county superintendents of public instruction (Laws 1911, ch. 279) the superintendent in counties containing more than 1500 persons of school age, exclusive of those in cities of the first and second classes, and exclusive of those containing a population of 70,000 or more, shall receive eight hundred dollars, and twenty dollars per annum for each 100 persons of school age in excess of 1500 until his salary reaches one thousand two hundred dollars; provided, that in each county the county commissioners shall add to the salary otherwise provided the sum of one dollar per annum for each teacher employed in the county, exclusive of those employed in cities of the first and second classes.

Appeal from Sumner district court. Opinion filed June 7, 1913. Affirmed.

*W. W. Schwinn*, of Wellington, for the appellant.

*W. T. McBride*, and *Harold W. Herrick*, both of Wellington, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to recover a sum of money claimed to be due the plaintiff as salary for his services as county superintendent of public instruction. Judgment was rendered for the defendant, and the plaintiff appeals.

The decision of the controversy depends upon the interpretation to be given to chapter 279 of the Laws of 1911, fixing the salaries of county superintendents. Section 2 reads as follows:

"In counties having a school population of less than 500, the county superintendent shall receive for each day actually employed in the discharge of his duties in his office the sum of three dollars per day for a num-

ber of days not to exceed 180 in any one year. In counties having a school population of from 500 to 1000, he shall receive the sum of three dollars per day for a number of days not to exceed 200 in any one year. In counties having a school population of 1000 to 1500 he shall receive the sum of seven hundred and fifty dollars per annum; *in counties containing more than 1500 persons of school age, exclusive of those in cities of the first and second class, he shall receive eight hundred dollars and twenty dollars per annum for each 100 persons of school age in excess of said 1500 up to the sum of one thousand two hundred dollars. Provided that in each county, the county commissioners shall add to the salary hereinbefore provided the sum of one dollar per annum for each teacher employed in the county, exclusive of those employed in cities of the first and second class;* provided that in counties of 70,000 or more population the salary of the county superintendent shall be one thousand eight hundred dollars per annum; provided further, that if the county superintendent shall fail to spend at least one hour in each school during the year, so as to observe for at least one hour, the work of each teacher under his supervision, the county commissioners shall deduct from the last quarterly installment the sum of five dollars for each delinquency."

Sumner county has a school population of 6402, and 248 teachers are employed there. Therefore the plaintiff's salary is fixed by the portion of the section which has been italicized. He contends that if the school population be sufficient a county superintendent may receive in addition to the sum of eight hundred dollars per annum as much as one thousand two hundred dollars more, computed at the rate of twenty dollars per annum for each 100 persons, besides the sum allowed for the number of teachers employed. He computes his salary as follows:

| | |
|---|---:|
| Fixed sum | $800 |
| $20 per hundred for 4900 persons | 980 |
| $1 each for 248 teachers | 248 |
| Total | $2,028 |

The defendant contends that the words "up to the sum of one thousand two hundred dollars" fix a maximum salary limit, aside from the one dollar per annum for the number of teachers employed, and not a maximum limit to the sum which may be added to $800. The defendant computes the plaintiff's salary as follows:

| | |
|---|---:|
| Fixed sum | $800 |
| $20 per annum for each 100 persons sufficient to bring the total salary to $1200 | 400 |
| | $1,200 |
| $1 each for 248 teachers | 248 |
| Total | $1,448 |

The statute is quite ambiguous, but the language employed, read without special stress to emphasize either view, leaves the impression on the mind that he shall receive $800, and $20 per annum for each 100 persons of school age in excess of 1500 until the salary reaches $1200. This interpretation is confirmed by considering other parts of the statute and previous legislation on the same subject.

Under the salary act of 1897 (Laws 1897, ch. 131, § 6) county superintendents were to be paid as follows: In counties having a school population of less than 1000 (cities of the first and second classes excluded), $3 per day for not exceeding 150 days in any one year; from 1000 to 1200, $500 per annum; from 1200 to 1500, $600 per annum; more than 1500, $600 per annum and $20 per annum for each additional 150, provided no county superintendent should receive to exceed $1000 per annum, but in counties having more than 120 school teachers employed the county commissioners might add to the salary of $1000 a sum not to exceed $200, or as much thereof as they might deem necessary. The salary act of 1899 (Laws 1899, ch. 141, §6) made a slight increase in the compensation of county superintendents in all counties having a school population of 1000 or more. Its provisions

were as follows: Less than 1000, $3 per day for not exceeding 150 days in any one year; 1000 to 1200, $600 per annum; 1200 to 1500, $700 per annum; more than 1500, $700 per annum and $20 per annum for each additional 100, provided that no county superintendent should receive to exceed $1000 per anum, and provided further that in counties having more than 100 teachers employed the county commissioners should add to the salary of $1000 per annum an amount not to exceed $200. In 1905 (Laws 1905, ch. 229) the salary in counties having a school population of less than 1000 was increased by allowing the sum of $3 per day for not exceeding 180 days in any one year, and it was provided that in counties having a population of more than 1500 the county commissioners should add to the maximum salary of $1000 per annum the sum of $200 in case more than 100 teachers were employed.

The act of 1911 indicates a purpose to grant a further substantial increase in salaries to all county superintendents except those in very small counties. In counties having a school population of from 500 to 1000 $3 per day are allowed for 200 instead of for 180 days. The classes of from 1000 to 1200 with a salary of $600 and from 1200 to 1500 with a salary of $700 are abolished and a salary of $750 per annum is given in all counties of from 1000 to 1500. In counties of more than 1500 the minimum is raised from $700 to $800 and $1 per annum is given for each teacher employed, whatever the number may be. The increases thus granted in counties of 1500 or less are consistent with each other and with those given by former acts applying to the same classes of counties. If the statute, as applied to counties of more than 1500, be interpreted as fixing a maximum salary of $1200, aside from the allowance for the number of teachers employed, it is consistent throughout and is in harmony with previous legislation on the subject. If it be interpreted as fixing a maximum of $2000, the parts

of the act lose their proportion to each other and the particular part under consideration exhibits a radical departure from all previous salary schedules.

The plaintiff argues that the act of 1911 introduced a new principle by which the salary of county superintendents in counties of more than 1500 is to be determined, and that is, the amount of work done based on school population. The argument is unsound. The principle is not new, for it has been the custom in previous salary bills to base compensation in part on school population, the same as this one does. School population is not a measure of a county superintendent's work except indirectly. He does not deal with individual pupils but with school districts, schools and teachers. So far as the principle can be applied he is compensated according to services performed by the allowance of $1 per year for each teacher employed and by an allowance under another statute (Gen. Stat. 1909, § 7386) of $1 per school per annum as traveling expenses in visiting schools.

It is said that the omission from this statute of the express words of limitation contained in preceding statutes, "no county superintendent shall receive to exceed," etc., indicates that it does not mean that no county superintendent shall receive more than $1200. The statute does contain a maximum salary limit expressed as positively as in former statutes. The question is whether that limit is $1200 or $2000.

Some inequality results from the application of the statute as the district court interpreted it, but such consequences are quite unavoidable under any general salary law.

The judgment of the district court is affirmed.